WILLIS, BEN C., Associate Judge.
The chancellor denied appellant-defendants’ motion to dismiss the appellee-plaintiff’s complaint, and an interlocutory appeal has been taken to this court. The sole question which was before the trial court and is now before this court is whether or not the complaint set forth a claim upon which relief may be granted. The suit is brought as an election contest pursuant to section 99.192, Florida Statutes, F.S.A.
The complaint sets forth substantially the following facts and allegations:
(1) Plaintiff Epstein and defendant Calhoun were candidates for the office of Mayor of the City of Miramar in an election held January 19, 1960;
(2) Calhoun was certified by “the Canvassing Board” [1] at a meeting held January 22, 1960, to be the successful candidate by a one vote margin over Epstein;
(3) The “Canvassing Board” noted in their certificate that there was a discrepancy of two votes between the total ballots supposedly cast and the total ballots cast;
(4) There were “persons” who voted for Calhoun who were not qualified electors under the city charter and laws of Florida because they had not been residents of Broward County for a period of six months prior' to registration;
(5) A certain absentee ballot was personally handed by the City Clerk to a named elector who took the ballot from the city hall, and two days later it was received by mail at the city hall, and that said ballot was cast for Richard Calhoun;
(6) That the City Council did wrongfully delegate its power to judge said election.
The appellant contends that the allegations of the complaint wholly fail to set forth circumstances which would render the results of the election different from the result that has been certified. The appellants assert that the allegations concerning the discrepancy between the number of votes supposedly cast and those that were actually cast, plus the allegations regarding the absentee ballot,[2] and the allegation charging a wrongful delegation of power to judge the election are all insufficient to call into play any rights in the appellee which may be enforced under section; 99.192. We will not comment on thost *830 features for we feel that the allegations summarized in (4) above, relating to “persons” who were not qualified electors casting votes for Calhoun, render the complaint invulnerable to a motion to dismiss. The complaint is not a model pleading, but it does set forth that “persons” (at least two individuals) voted for Calhoun who were not qualified under Sec. 16, Chapter 31007, to vote in the election. The elimination of such votes would render Epstein the high man by at least one vote. We deem this a sufficient allegation that the votes claimed to have been illegally cast would change the result of the election.
A motion to dismiss a complaint for failure to state a cause of action does not reach the defects of vague and ambiguous pleading, nor does it reach redundant, immaterial, impertinent or scandalous matter. A motion for more definite statement is appropriate for dissipation of vagueness and ambiguity and a motion to strike is proper for purging immaterial, impertinent, etc., matter. F.R.C.P. 1.11(e) and (f).
For the reasons given the order of the trial court denying the motion to dismiss the complaint should be and is hereby affirmed.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.

. In the caption of the pleadings, the defendants are described as “Richard Calhoun, successful candidate, and John Ma-rini, P. D. Kennedy, John Perris and Larry Duane, as the Canvassing Board,” (Emphasis supplied.)

. Chapter 31007, Laws of Florida, Special Acts of 1955, appears to be the charter of the City of Miramar. Under Sec. 16 the Act provides that the “manner of voting [absentee ballots] may be prescribed by ordinance.” The provisions of such ordinance are not alleged in the complaint nor have they been presented to this court.