WIGGINTON, Acting C. J.
Plaintiff has appealed from a final judgment dismissing with prejudice his complaint in a common law action seeking damages for breach of contract. The judgment was entered pursuant to defendant’s motion to dismiss the complaint for failure to state a cause of action.
The judgment of dismissal is based upon findings of the court that the allegations of the second amended complaint “are so vague, ambiguous, uncertain, indefinite and/or contradictory as to fail to state a cause of action.”
Appellant contends that the trial court was without authority to dismiss his complaint if the only objection thereto is that it is vague and ambiguous. If a pleading to which a responsive pleading is required or permitted is so vague or ambiguous that the responding party cannot reasonably be required to frame a responsive pleading thereto, relief may be obtained by the responding party through a motion for more definite statement in accordance with the provisions of Rule 1.11(e), Florida Rules of Civil Procedure, 30 F.S.A. As stated by the Second District Court of Appeal, “A motion to dismiss a complaint for failure to state a cause of action does not reach the defects of vague and ambiguous pleading, nor does it reach redundant, immaterial, impertinent or scandalous matter. A motion for more definite statement is appropriate for dissipation of vagueness and ambiguity * * [1] If, however, a complaint is so vague, indefinite and ambiguous as to wholly fail to state a cause of action, it is subject to dismissal.
We, therefore, turn to the original and two amended complaints for the purpose of determining whether, as a matter of law, plaintiff has failed to state a cause of action. It appears by appropriate allegations that plaintiff had loaned sums of money on construction mortgages to the owners of four parcels of real estate on which defendants were constructing residences. During the course of construction defendants requested plaintiff to advance to them additional funds over and above the construction mortgage commitments previously made. In response to this request plaintiff agreed to loan defendants an additional sum of $4,000 for the purpose of completing the contracts then in progress. At this point plaintiff and defendants entered into a written contract whereby the latter agreed to execute and deliver to plaintiff a promissory note as evidence of the loan, payable on or before December 1, 19S9. The contract provides that defendants further agree they will pay plaintiff 50% of the gross profits of any job or contract that they may have or be connected with until the promissory note in the sum of $4,000 is paid in full. We pause to mention that this promissory note, and the indebtedness *254 evidenced thereby, is not involved in the present proceeding. The contract further provides that defendants agree to execute and deliver to plaintiff a promissory note to cover the total amount of loss, if any, which plaintiff may incur in connection with two of the houses being constructed by defendants on which plaintiff held construction mortgages. It was agreed that any promissory note given as indemnity for such loss as may be suffered by plaintiff would be payable within one year from the time such loss is ascertained, cvitd that payment would be made by defendants from 50% of the gross profits on each job or contract entered into or completed by them as above referred to in the payment of the $4,000 promissory note until all the said loss shall be paid in full. It is emphasized that under the terms of the contract sued upon it is specifically provided that any loss which plaintiff may suffer in connection with his financing of the two residences being constructed by defendants would be paid by the latter only out of gross profits from each job or contract which they may have or be connected with, until the loss of plaintiff is paid in full.
The complaint alleges that plaintiff suffered a loss of approximately $12,500 on the two construction mortgages mentioned in the agreement, but although demanded to do so, defendants have failed and refused to execute their promissory note evidencing the amount of such loss as provided in the contract, and have likewise failed and refused to pay plaintiff the amount of the loss suffered by him for which the contract was intended as indemnity.
As stated in the forepart of this opinion the suit brought by plaintiff is not for the purpose of requiring defendants to execute and deliver to him a promissory note evidencing the amount of loss sustained by him in accordance with the provisions of the contract. The purpose of the suit is to recover a judgment against defendants for the amount of the loss which plaintiff claims to have suffered on the construction mortgages in question. The complaints are totally devoid of any allegations that defendants have realized a gross profit on any job or contract with which they are connected out of which the loss must be paid. Under the plain terms of the contract sued upon payment of the loss, if any, suffered by plaintiff is to be made solely from profits which defendants may make on other construction contracts performed by them. Since the complaint contains no allegation from which it could be established that defendants are presently liable for payment of the loss claimed to have been incurred by plaintiff under the terms and provisions of the contract, we must conclude, as did the trial court, that the complaint fails to state a cause of action.
For the reasons above stated the judgment of dismissal is free from error and is therefore affirmed.
STURGIS and RAWLS, JJ., concur.

. Callioun v. Epstein, (Ela.App.1960) 121 So.2d 828.