189 So.2d 401 (1966)
Millard B. CONKLIN, Appellant,
v.
Willie BOYD, Appellee.
No. H-116.
District Court of Appeal of Florida. First District.
August 11, 1966.
*402 Robert L. Wilson, Daytona Beach, for appellant.
Horace E. Hill, Daytona Beach, for appellee.
WIGGINTON, Acting Chief Judge.
Defendant in a suit to quiet title has appealed an interlocutory order entered by the trial court granting plaintiff's petition to set aside an order dismissing the cause for lack of prosecution and ordering that the complaint be reinstated. Appellant contends that the trial court properly dismissed the cause in accordance with the requirements of the statute, but that it abused its discretion in setting aside that order and reinstating the complaint.
From the record it appears that defendant filed in the cause a motion to dismiss the complaint for failure of plaintiff to file a cost bond as required of nonresidents by F.S. Section 58.01, F.S.A., a motion to strike certain portions of the complaint, and a motion for a more definite statement. At the hearing on these motions the court entered its order granting the motion to dismiss the complaint unless plaintiff filed a cost bond or security for costs within the time limited by the order. The court also granted the motion to strike certain portions of the complaint, but withheld consideration of defendant's motion for a more definite statement in light of the other rulings of the court. Plaintiff filed security for costs as required by the order as a condition for avoiding dismissal of his complaint. No further ruling was sought from or rendered by the court on defendant's motion for a better statement.
On July 12, 1963, defendant filed in the cause an answer to the complaint asserting several affirmative defenses and incorporating therein a motion to dismiss the complaint as well as a counterclaim by which he sought affirmative relief respecting the property in litigation. Neither party called up for hearing defendant's motion to dismiss the complaint, nor did plaintiff answer the counterclaim or take any other affirmative action in the prosecution of the *403 cause for a period of more than one year thereafter.
On August 24, 1964, defendant moved to dismiss plaintiff's action for want of prosecution pursuant to the provisions of the statute.[1] A hearing was held upon defendant's motion whereupon the chancellor rendered an order on September 2, 1964, holding that the cause was deemed abated for want of prosecution and dismissing the case with costs taxed against plaintiff.
Within thirty days from rendition of the order of dismissal, plaintiff filed a petition in accordance with the provisions of the above-quoted statute seeking reinstatement of his action, assigning as cause in support of his petition two grounds, to wit:
(1) That because of the chancellor's reservation of ruling on defendant's motion for a more definite statement contained in the order of May 23, 1963, plaintiff was not obligated to take any further affirmative steps in the prosecution of the cause until the motion was disposed of by a ruling thereon entered in the cause; and,
(2) That during the one-year period of non-action plaintiff's attorney dictated to his secretary an answer to defendant's counterclaim and a motion for judgment on the pleadings, and it was not until after he was served with defendant's motion to dismiss the cause for lack of prosecution that he investigated and discovered that his secretary had deposited in the office file the typewritten pleadings which he had dictated, and had inadvertently failed to file them with the clerk of the court as instructed.
The motion for reinstatement does not explain how plaintiff's attorney expected his secretary to file the pleadings with the clerk of the court before he had examined and signed them as required by the rules of practice.[2] Nevertheless the chancellor, upon hearing plaintiff's petition, rendered the order herein appealed by which the order of dismissal was vacated and set aside, and the complaint reinstated.
The granting or denial of a motion to reinstate for good cause an action which has been dismissed for lack of prosecution under F.S. Section 45.19, F.S.A., rests in the sound discretion of the court. The statutory standard of good cause requires the exercise of a judicial discretion based upon evidence and controlled by applicable principles of law and equity, rather than one which is arbitrary in character. A ruling made pursuant to the provisions of this statute will not be disturbed on appeal in the absence of a clear showing of abuse of discretion by the trial court.[3]
It is our view and we so hold that the first ground of plaintiff's motion to reinstate his cause of action does not constitute statutory good cause. The reservation of ruling by the chancellor on defendant's motion for a better statement was not sufficient to justify plaintiff in failing to further prosecute his action within the one-year period limited by the statute. The function of a motion for a more definite statement is to require that a vague, indefinite, or ambiguous pleading be so amended as to enable the party required to respond *404 thereto to intelligently discern the issues to be litigated and to properly frame his answer or reply. When the defendant voluntarily filed his answer, he signified an ability to sufficiently understand the issues raised by the complaint as to permit him to file a proper answer thereto. By this action he waived any right he might theretofore have had to require plaintiff to file a more definite statement, and rendered moot his motion on which the chancellor had theretofore reserved ruling. Immediately upon the filing of defendant's answer to the complaint the cause was at issue on the pleadings, and plaintiff was then in position to progress the case either by further pleadings, discovery, or setting it for the taking of testimony and submission on final hearing. The case remained in this posture for more than one year subsequent to the filing of defendant's answer. Plaintiff's inaction in the cause cannot be excused merely because defendant's motion for a more definite statement remained undisposed of by the court under the facts shown by this record.
In Sudduth Realty Co. v. Wright,[4] a cause of action in equity was dismissed under the statute for lack of prosecution. One of the grounds asserted by plaintiff for reinstatement of his cause was the contention that all during the period of inaction the chancellor retained in the bosom of the court a motion filed by the plaintiff to amend the complaint and to transfer the case to the law side of the court, on which motion no ruling had been made. Such ground was rejected by the Supreme Court upon the holding that it did not constitute good cause sufficient to support an order of reinstatement.
It is our further view that the second ground of plaintiff's motion for reinstatement is equally lacking in merit, and fails to constitute good cause within the purview of the statute. A party cannot be excused for failing to prosecute his cause of action as required by the spirit and intent of the law merely because his attorney failed to file necessary pleadings or to take such action as was necessary to constitute affirmative steps in the prosecution of the case. If the failure of counsel to properly discharge the duties owed by him to his client results in damage or loss of the cause of action sued upon, the injured party may seek recourse against his attorney, but such eventuality should not work to the unjust prejudice of the opposing party. In Miller v. Hartley's, Inc.[5] the plaintiff's cause of action was dismissed for lack of prosecution under the statute. Plaintiff promptly filed a petition for reinstatement, alleging as good cause therefor the fact that the first attorney employed by her had wrongfully refused to surrender certain papers and proofs needed in the prosecution of the case thereby causing a certain amount of delay, and that the last attorney employed by her had been too busy with the work of other clients to properly progress her cause of action within the one-year time limitation fixed by the statute. In rejecting the grounds asserted by the plaintiff the Third District Court of Appeal emphasized that the obvious purpose of the statute is to speed decision of disputes by penalizing those who would allow their litigation to become stagnant. It held that the failure of plaintiff's several attorneys to render the cooperation and assistance necessary to progress her action did not constitute good cause for failure to prosecute the case, and the order of reinstatement was therefore erroneous.
For the reasons above stated, the order appealed herein setting aside the order dismissing the cause and reinstating the complaint is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
JOHNSON and SACK, JJ., concur.
NOTES
[1] "Abatement; actions or suits pending; failure to prosecute

(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12:00 noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal." § 45.19, F.S.A.
[2] Rule 1.5(a), F.R.C.P., 30 F.S.A.
[3] Little v. Sullivan, (Fla. 1965) 173 So.2d 135.
[4] Sudduth Realty Co. v. Wright, (Fla. 1951) 55 So.2d 189.
[5] Miller v. Hartley's, Inc., (Fla.App. 1957) 97 So.2d 211.