BOYER, Judge.
This is an appeal from an adverse final judgment entered by a circuit judge in a declaratory judgment action commenced by appellant. Involved is a dispute as to whether appellant, a State employee, may upon retiring for a second time, obtain credit for service as a State employee while a member of another State retirement system.
Appellant was employed as a secretary with the Attorney General of the State of Florida, and subsequently as a law clerk with the Supreme Court of Florida, from 1939 to 1952. In 1946, she became a member of the newly created State Officers and Employees Retirement System and was credited in that system with her state service from September 1939.
In 1955 the State Officers and Employees Retirement System was merged with the County Officers and Employees Retirement System to form the State and County Officers and Employees Retirement System (SCOERS). SCOERS was codified in Chapter 122 Florida Statutes. Appellant participated in SCOERS during subsequent employment with the Broward County State’s Attorney from 1956 to 1958 and later as an employee of the Second District Court of Appeal from 1958 to 1960. She voluntarily elected a reduced early retirement benefit under SCOERS at age 55 in March of 1965.
Appellant thereafter became reemployed on a full time basis as a research assistant with the Second District Court of Appeal on September 16, 1968.
At the time of appellant’s retirement in 1965 and at the time of her reemployment in 1968 F.S. 122.16(l)(a) and F.S. 122.-16(l)(b) provided (in material part) as follows:
“122.16 Employment after retirement.— (l)(a) Any person who has accepted and is receiving retirement compensation under this chapter shall have such compensation suspended during any period of reemployment * * * Any person receiving retirement compensation under this chapter who becomes reemployed by the state * * * shall furnish timely notice in writing to the agency by which he is becoming employed, and to the comptroller of the fact that he is prohibited from receiving retirement compensation and salary at the same time * * ” “(b) The reemployment by the state * * of any person who has accepted and is receiving retirement compensation under this chapter shall have no effect on the average final compensation or the aggregate number of years of service of such person, nor shall any deductions for retirement contributions be made from the salary paid such person with respect to such reemployment.”
Pursuant to the mandate of the above quoted statute appellant notified the Comptroller’s office of her reemployment whereupon her retirement benefit under SCOERS was suspended. Her employer, however, failed to comply with paragraph (b) of the statute and deducted and reported to the Comptroller four per cent of appellant’s salary as her SCOERS’ retirement contribution.
Chapter 70-112, Laws of Florida, established the Florida Retirement System (FRS), Chapter 121 Florida Statutes, which became effective January 1, 1971. Initially there was no prohibition against retired members of “existing systems” participating in FRS. F.S. 121.051(1) Florida Statutes 1971, compelled membership in that system (FRS) of all officers and employees employed on or after December 1, 1970 (with certain exceptions not here material). F.S. 121.051(2)(a)l., Florida Statutes 1971, provided (in material part):
“Any officer or employee who is a member of an existing system, * * * may elect, if eligible, to become a member of this system at any time between April 15, 1971 and June 1, 1971, inclusive, by notifying his employer in writing of his desire to transfer membership from the existing system to this system. Any officer or *552 employee who was a member of an existing system on December 1, 1970 and who did not elect to become a member of this system shall continue to be covered under the existing system subject to the provision of § 121.045.”
Pursuant to the last quoted statute, while appellant’s SCOERS’ benefits remained suspended because of her reemployment, she elected to participate in FRS, effective January 1, 1971.
Annual “contribution statements” were provided appellant during her participation in FRS reflecting the amount of contributions credited to her account in the FRS trust fund, which statements included her credits under SCOERS.
In April of 1976 appellant informed the Division of her intention to retire on August 31, 1976, and requested the Division to recalculate her retirement benefits and to advise her of the amount of same. The Division responded by letters of May 7 and May 25, 1976 advising that upon her reemployment in 1968 appellant was ineligible to contribute to the retirement system (SCOERS) but that upon her becoming a member of the Florida Retirement System (FRS), to which she had transferred as above recited, she became eligible to receive retirement benefits as a member of FRS only if she retired with ten years creditable service from December 1, 1970; that she could receive no credit whatsoever for her employment and contributions from September 1968 through November 30, 1970; that she would receive only her previous SCOERS’ retirement benefits which had been suspended during her period of reemployment and that she was entitled to receive refunds of her contributions from reemployment in September 1968 to the date of her anticipated retirement.
The Circuit Judge, in the final judgment here appealed, ordered and adjudged that:
“1. Plaintiff shall not receive any SCOERS retirement credit for any employment subsequent to her retirement under that system-in March, 1965;
“2. Defendants shall refund all money improperly withheld and reported by Plaintiff’s employer as SCOERS retirement contributions between September, 1968, and December, 1970, together with interest at the rate of 4% per annum;
“3. Defendants shall reinstate Plaintiff’s suspended SCOERS retirement benefit effective August, 1976, with all cost-of-living increases provided by law; and,
“4. Defendants shall pay to Plaintiff any benefit she may now or hereafter accrue based on her participation in FRS subsequent to December, 1970.”
Appellant urges on appeal that as a retiring member of FRS she is entitled to credit for the entire period of her state employment.
We agree with the appellee that for the period commencing with appellant’s reemployment to the date of her transfer to FRS she is entitled only to a refund of the wrongfully withheld contributions, plus interest. As already mentioned, during that period the applicable statute (F.S. 122.-16(l)(b)) specifically prohibited “any deductions for retirement contributions * * * from the salary paid such person with respect to such reemployment.” Clearly, under the provisions of that statute no retirement benefits could accrue during that period. We disagree, however, with the rate of interest urged by appellee and provided in the final judgment here appealed. Inasmuch as the unauthorized deductions for the retirement contributions during that period were at the instance of appellant’s employer and accepted and retained by the retirement trust fund appellant is entitled to interest from the date of the wrongful deduction to the date of refund at the legal rate of 6% per annum.
However, we agree with appellant that upon her retirement under the FRS, to which she rightfully and legally transferred from SCOERS, she is entitled to additional credit under the FRS for her time and contributions under SCOERS, viz: Under the facts of this case, for the period of employment from 1939 to her initial retirement in 1965.
*553 As above noted, F.S. 121.051(2)(a)l., Florida Statutes 1971, which was in effect at the time appellant elected to transfer membership from the “existing system” (SCOERS) to FRS permitted such a transfer and contained no prohibition as a result of earlier retirement, the benefits incident to which were in suspension. While it is true that F.S. 121.051(2)(a)l. was amended by the legislature in 1972 by the addition of one sentence, to wit:
“A person who has retired under any state retirement system shall not be eligible to transfer to the Florida Retirement System created by this Chapter subsequent to such retirement.” (F.S. 121.-051(2)(a)l. Florida Statutes 1972 Supp.)
such amendment was not retroactive and could not have adversely affected appellant’s transfer, which had already been accomplished. Indeed, the very fact that the legislature saw fit to make such amendment signals its acknowledgment that prior to the effective date thereof that which was proscribed thereby was permitted. It will not be presumed that the legislature acted without purpose or reason.
Appellees concede in their brief that appellant actually, rightfully and legally transferred from the “existing system” of which she was a member to FRS effective January 1,1971 and then began accumulating “creditable service” under that system but denies that she is entitled, as creditable service, credit for her legally accumulated service under SCOERS. Without citing authority for the distinction, appellees concede in their brief that had appellant not initially retired under SCOERS she would be entitled to credit for her accumulated time and contributions under that system, saying:
“It is true that those who have never retired and never drawn benefits under an ‘existing system’ prior to participation in the Florida Retirement System may have their service credit under ‘existing systems’ used in calculating their ultimate benefits upon retirement.”
We find no authority prior to the 1972 amendment to F.S. 121.051(a)(2)l., above quoted, for that position. While it is true that F.S. 122.16(l)(b) provides that the reemployment of any person accepting and receiving retirement compensation under that chapter shall have no effect on the average final compensation or the aggregate number of years of service of such person for benefit computation, that provision is applicable only to SCOERS and has no application to FRS.
Although not discussed in the briefs, in order to avoid a needless second review of this case, we observe that in order for appellant to obtain credit under FRS for the service accumulated prior to retirement under SCOERS she must reimburse the system for those sums paid to her as benefits during her period of retirement and prior to suspension of the benefits, plus interest at the statutory rate.
Appellant also urges estoppel. Although we have recognized that under certain circumstances estoppel will lie against the state (George W. Davis and Sons, Inc. v. Askew, 343 So.2d 1329 (Fla. 1st DCA 1977)) we do not find the circumstances of this case to be such as to invoke that doctrine as to the period during which the illegal deductions were made and reported from the date of reemployment to the date that appellant transferred to FRS. As to the other credits accumulated under SCOERS, our disposition under the preceding point renders further consideration of the estoppel issue unnecessary.
AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent herewith.
McCORD, C. J., and MILLS, J., concur.