OWEN, WILLIAM C., Jr., Associate Judge.
Fourteen years after appellant, a private non-profit corporation, elected to bring its employees into the state retirement system under the erroneous impression that it then qualified as a hospital district within the meaning of Section 122.061, Florida Statutes (1965),[1] (during all of which time appellant and its employees contributed to the state retirement system), appellant discovered that it was not, in fact, eligible to participate in the state retirement system. It thereupon filed this action seeking a declaratory judgment authorizing it to withdraw from further participation and to have reimbursement from the retirement trust funds of the amounts contributed. The trial court’s final judgment (1) declared appellant’s employees to be members of the State and County Officers and Employees’ Retirement System (SCOERS),[2] with entitlement to participate in and receive retirement benefits from that retirement system, and (2) required appellant to continue to make contributions thereto.
The material facts are without dispute, having been made the subject of a stipulation by the parties. Appellant, chartered in 1960 as a private non-profit corporation (in which form it continues to the present time), operates Waterman Memorial Hospital. Appellant is not now nor has it ever been a hospital district or a county hospital corporation, nor the board of either. Notwithstanding appellant’s status as a private corporation, the 1963 legislature, by Chapter 63-1509, Laws of Florida, established the Northeast Lake County Hospital Dis *59 trict (“District”) as a taxing authority to raise funds for the hospital, which funds were to be expended “for the support and maintenance or operation of said hospital, and capital improvements, repairs, alterations and maintenance of the hospital building.” Despite the scope of this legislative entitlement, none of the tax funds received by appellant ever have been used for operating costs. The funds were used for building maintenance until November 8, 1966, at which time the physical property in Eustis, Florida known as the Waterman Memorial Hospital was conveyed by appellant to a quasi-public corporation named Northeast Lake County Hospital Company, Inc. Subsequent to that conveyance appellant leased the building and used the tax funds to pay rent to the hospital company. In November, 1965, appellant, having made the erroneous determination that it was eligible to join SCOERS because the hospital was supported by a tax district, adopted an appropriate resolution electing to bring its employees within the provision of that retirement system effective January, 1966. In addition to appellant’s use of tax funds, and the close relationship between it and the county hospital corporation to which appellant conveyed the hospital building, appellant, (1) under the identity of Waterman Memorial Hospital, qualified to use state contracts for the purchase of commodities (until that practice was terminated by the Department of General Services in February, 1980, when it was determined that appellant was not a “political subdivision”), (2) changed its social security tax reporting status with the Internal Revenue Service by taking on an identifying prefix used by public employers, (3) stated on its application to the Department of Health and Rehabilitative Services for hospital license in 1977 that the hospital was owned by the county, and (4) stated in a similar application in 1978 that the hospital was owned by a tax district.
The foregoing facts quite understandably led the trial court to conclude that appellant, through various manipulations, had “created a legal Disney World in which for some purposes it is a government agency and for others it is not.” The court expressed a valid concern for the rights of appellant’s employees (not made parties to this action) in the following language:
However, after sixteen years, this court will not allow Waterman Memorial Hospital to change its form again when such action goes against the reasonable and justifiable expectations of those who have been and are employed by Waterman. The State of Florida also has a justifiable interest in the welfare of its citizens who depend on a retirement system which has covered Waterman employees all these years.
Section 122.061, Florida Statutes (1965), was initially enacted by Chapter 57-47, Laws of Florida, as a direct legislative response to a declaratory decree of March 9, 1957, in a case entitled South Broward Hospital District and North Broward Hospital District v. Ray E. Green, et al., (No. 14,739, Circuit Court of the Second Judicial Circuit, Leon County, Florida, March 9, 1957), which held that employees of a county hospital district were not within the definition of state and county officers and employees contained in Chapter 122, Florida Statutes, and were therefore ineligible for membership in the subject retirement system. The legislature responded by enacting the above statute which authorized boards of hospital districts and county hospital corporations to elect to bring their employees within the retirement system, with a proviso that such election was irrevocable once made.
Both parties agree (1) that under the clear wording of the statute it was the legislative intent in enacting Chapter 57-47, Laws of Florida, to afford hospital districts and county hospital corporations the right to bring their employees into SCOERS, and (2) that appellant is not now nor has it ever been either a hospital district or a county hospital corporation. That should be totally dispositive of the matter. But appellee argues here, and successfully convinced the trial court, that appellant (and its employees) should now remain a part of a retirement system for which appellant is not and never has been eligible *60 because (a) appellant assumed public status from time to time as necessary to accrue benefits to itself and its employees, and particularly for the purpose of being admitted to SCOERS and (b) appellant’s voluntary election to join SCOERS and continue membership therein for over fourteen years before bringing suit has created a valid membership status which neither party may now terminate either retroactively or prospectively. As pertaining to the immediate parties to this appeal, we think those arguments are unavailing.
In a proceeding styled In Re Florida Board of Bar Examiners, 268 So.2d 371 (Fla.1972), the Supreme Court recognized, by way of dicta, that the state would possibly be collaterally estopped to deny certain employees the right to participate in the state retirement system even in the absence of statutory basis for their participation, where the employees had been contributing to the retirement system for a long period of time. But we are not here immediately concerned with the rights of appellant’s employees because they are not presently parties to nor represented in this action. We hold that absent some form of valid estop-pel, an entity which is not statutorily authorized to participate in a state retirement system can not create its own eligibility for participation, even though it may appear to be eligible, and even though it seeks admission and subsequently participates for an extended period of time. Our holding is consistent with the teaching of this court’s decision in Martin v. Williams, 364 So.2d 549 (Fla. 1st DCA 1978), although the facts in that case are distinguishable. Appellant may have believed in good faith that it was eligible to bring its employees within the provisions of the state retirement system, yet it was not and never has been eligible to do so despite its use of public funds and its close association with a hospital district and a county hospital corporation (neither of whose eligibility to participate is here involved).
Appellee contends that estoppel is, indeed, present in this case—not against appellant but against itself. In support of this argument appellee points out that certain employees of appellant whose rights have vested could, under the principle of estoppel, prevent appellee from denying such employees the right to participate in SCOERS (and/or the Florida Retirement System). That well may be the case (an issue we do not now decide, but see the dicta in In Re Florida Board of Bar Examiners, supra), but estoppel is properly used as a shield, not a sword, thus, appellee may not rely upon an estoppel against itself.
We share the trial court’s concern for the rights of appellant’s employees, some of whom may wish to continue to participate in SCOERS or FRS and be found to have the right to do so on the basis of estoppel, some of whom may wish to continue to participate and be found not to have the right to do so, and some of whom (like appellant) may wish to be relieved of further participation and seek entitlement to a refund of contributions. In the early stages of this proceeding the court entered an interim order contemplating joinder and protection of individual employee’s interest should the relief sought by plaintiff/appellant be granted and require such subsequent joinder, a procedure to which plaintiff/appellant agreed. In addition to a declaration of its right to discontinue participation in the state retirement system, appellant sought a money judgment for all contributions made by it to the retirement trust fund, the granting of which in whole or substantial part could and probably would impact on the rights of some of appellant’s employees. Upon remand the court is directed to enter an appropriate order providing for joinder and protection of the interest of appellant’s employees.
Reversed and remanded for further proceedings not inconsistent herewith.
JOANOS and WIGGINTON, JJ., concur.

. 122.061 Hospital districts and county hospital corporations; officers and employees included.—
(1) Boards of hospital districts and county hospital corporations may elect to bring employees of such districts or corporations under the provisions of the retirement law. Once this election is made it may not be revoked and all present and future employees shall be compulsory members of the state and county officers and employees’ retirement system. [Emphasis supplied.]

. The judgment makes no reference to the Florida Retirement System (“FRS”), but we assume the judgment was intended to apply equally to those employees participating in that system.