COWART, Judge.
This case involves the question of whether an insured has a cause of action against an insurer because the insurer mistakenly paid a third party (a hospital) and the third party voluntarily refunded to the insurer; the hospital bill being admittedly not covered by the insurance policy.
An insured, now deceased, had a medical insurance policy with appellee Blue Cross providing medical coverage to the insured. The policy excluded preexisting conditions. The insured received hospital services relating to a condition preexisting the insurance policy, the hospital sent a bill to Blue Cross and Blue Cross paid it. Blue Cross later came to realize that the bill related to a preexisting condition and sought a refund from the hospital. The hospital made a refund and sued the estate of the decedent to recover for the medical services rendered the decedent. The estate filed a third party complaint against Blue Cross alleging that although the Blue Cross policy excluded coverage as to a preexisting condition of the insured and the medical bill in question related to a preexisting condition, if the estate was legally obligated to pay the hospital, the estate was entitled to a judgment for that amount against Blue Cross. The trial court dismissed the third party complaint on the ground that it failed to state a cause of action and the estate appeals. We affirm.
The estate argues that the mistake of Blue Cross in voluntarily paying the hospital occurred after Blue Cross had documents in its possession from which it could have, and should have, determined that the hospital bill related to a preexisting condition. For that reason, if the hospital had not voluntarily refunded the payment and Blue Cross had sued the hospital for a refund, the hospital could have successfully defended on the theory that by paying the bill for medical services while it had in its possession documents from which it could have determined that the bill was not covered by its insurance, Blue Cross made an intentional relinquishment of a known right and the payment constituted a waiver of the exclusion relating to the preexisting injury, or the payment resulted from an inexcusable lack of due care on the part of Blue Cross. The estate cites Graham v. *255 Clyde, 61 So.2d 656 (Fla.1952); Miami v. Keton, 115 So.2d 547 (Fla.1959); Pacific Mut. Life Ins. Co. of California v. McCaskill, 126 Fla. 82, 170 So. 579 (1936), and Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla.1965). The estate then argues that the result under those circumstances should not be otherwise, i.e., that Blue Cross should not be relieved of its mistake and the appellant estate should not be denied the benefit of the advantage of that unremedied mistake, merely because the hospital voluntarily made a refund to Blue Cross and, therefore, the estate has a cause of action against Blue Cross. We cannot agree with the estate.
The estate admits that the Blue Cross policy did not cover this hospital bill and that the estate is legally liable to pay it. The estate’s loss of an opportunity to be unjustly enriched by the mistake of Blue Cross by the assertion by the hospital of defenses based on waiver and estoppel to a refund claim made by Blue Cross does not create a cause of action in the estate. Principles of waiver and estoppel cannot be used to create or broaden coverage of an insurance policy. See Annot., Insurance Coverage — Estoppel—Waiver, 1 ALR.3d 1139 (1965). See also Annot., Health Insurer — Restitution of Payments, 79 ALR.3d 1113 (1977), and § 725.04, Fla.Stat. Waiver and estoppel are normally asserted as defenses to the assertion of a claim or right. Those concepts do not constitute or create causes of action. The estate has no cause of action to recover from Blue Cross sums the estate lawfully owes to the hospital merely because Blue Cross made a unilateral mistake of fact and erroneously paid the hospital bill and the hospital made a just refund to Blue Cross because Blue Cross had no contractual duty to pay the bill under the policy.
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, JJ., concur.