71 B.R. 48 (1987)
In the Matter of Joseph and Sharon SIMICICH, Debtor.
TAMBAY TRUSTEE, INC., Plaintiff,
v.
Paul E. DICKMAN, d/b/a Dickman Investments, Defendant.
Bankruptcy No. 86-698, Adv. No. 86-247.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
February 4, 1987.
*49 Joseph Fritz, Tampa, Fla., for plaintiff.
Edward Waller, Tampa, Fla., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION
ALEXANDER L. PASKAY, Chief Judge.
THE MATTER under consideration in this Chapter 7 adversary proceeding is a claim for relief asserted by the Trustee in a Complaint filed to Determine the Validity of Lien and to Allow Lien, If Any, To Attach to Proceeds of Sale (sic). In spite of the somewhat confusing title of the Complaint, what the Trustee seeks is an authorization from this Court to sell assets of the estate with the proviso that all liens shall attach to the proceeds of the sale and are to be satisfied to the extent they are found to be valid. The Trustee also seeks to have the lien claimed by Paul E. Dickman, d/b/a Dickman Investments (Dickman), the Defendant named in this adversary proceeding, invalidated, and to cut off Dickman's claimed ownership in all personal property claimed by the Trustee to be property of the estate. Prior to the trial Dickman conceded that he has no lien on any of the properties involved in this controversy but contends, however, that he owns certain specific personal properties which the Trustee is attempting to sell, therefore he objects to the proposed sale.
In due course, Dickman filed his answer coupled with a counterclaim in which he seeks a money judgment against the Trustee based on the alleged conversion of his property by the Trustee and the negligence of the Trustee in removing the properties of the estate from the premises owned by Dickman. Based on the issues presented for consideration, it is evident that the initial issue to be resolved is the ownership of the properties located on the premises operated by the Debtors as a restaurant, the properties sought to be sold by the Trustee free and clear of all claims of Dickman. The relevant facts as they appear from the record, and as established at the final evidentiary hearing are as follows:
In late summer of 1981, the Debtors and Paul R. Dickman, Edward L. Dickman, and Glen K. Dickman executed a document entitled "Fisherman Restaurant Proposal" (Defendant's Exh. # 1). This proposal outlined an agreement between the Debtors and the Dickmans. According to this proposed agreement, the Dickmans were to purchase the Fisherman Restaurant from Walter Sudbury, a Chapter 7 trustee in bankruptcy, who had acquired the property when the former owners of the property, the Debtors, filed a petition for relief under Chapter 7 of the Bankruptcy Code. Under this proposal, the Dickmans were to make certain repairs to the restaurant premises, and then lease the premises to the Debtors. The agreement called for a $2,000 per month payment of rent plus 10% of the net profit. The Debtors agreed to be responsible for all repairs, insurance, and taxes on the real property involved in the proposed transaction. The proposal included an option *50 permitting the Debtors to purchase the restaurant after 5 years for the sum of $176,000.
On September 1, 1981, Sharon Simicich, one of the Debtors, entered into a formal lease with Dickman. Under this lease Ms. Simicich agreed to lease from Dickman "The Fisherman Restaurant", located in Hillsborough County, Florida, for a term of 5 years at the rate of $2,000 per month, and to pay for all insurance, taxes, and maintenance on the restaurant. Ms. Simicich immediately took possession of the premises and began operating a restaurant under the trade name of "Sharon's Surf and Turf."
At the time Ms. Simicich took possession of the premises, there were numerous items of personal property in the restaurant that had been left there by the previous operators of the restaurant. These items of personal property were listed on an inventory prepared by Walter Sudbury, the Trustee of the Chapter 7 estate who later sold the property to the Dickmans. Dickman attached this inventory to his Proofs of Claim filed in this case (Plaintiff's Exh. # 3 and # 5). The lease was silent as to personal property on the premises, and it is without dispute that no portion of the rent was allocated as a purchase price to the personal property; the lease was a package deal and Ms. Simicich was leasing the real property from Dickman together with the personal property located on the premises.
Although Ms. Simicich admits that there was some personal property on the premises when she took possession, Simicich disputes that all of the items listed on the inventory that was attached to the Dickman Proofs of Claim were on the premises when she took over. In addition, Ms. Simicich asserts that much of the personal property was either replaced or updated during her tenancy, and some of the property was completely discarded.
On the other hand, Mr. Hudson, an agent of Dickman, testified that the inventory attached to the Dickman Proofs of Claim was an accurate account of the personal property on the premises when Ms. Simicich took possession of the property; that the Dickmans expected to get back everything that was on the original inventory except for some coolers which were discarded with the consent of Hudson. Hudson claims that he personally checked the inventory when the Dickmans purchased the restaurant and crossed out any item that was not on the premises. These are the facts as they appear from the record established at the final evidentiary hearing, based on which this Court is to resolve the initial issue, i.e. the ownership of the personal properties located on the restaurant premises.
First, it is well established that before a trustee can sell any property, he must establish that the Debtor has a cognizable legal or equitable ownership interest in the property at the commencement of the case. 11 U.S.C. §§ 363, 541. It is the Trustee's contention that Dickman either gave or loaned the items of personal property in dispute to Ms. Simicich. There is no evidentiary support for this proposition in this record. The testimony of the parties directly involved in the transaction clearly indicates that the items of personal property were, if not expressly certainly by implication, included in the lease between Dickman as lessor and Ms. Simicich as the tenant. Although there was no formal documentation concerning the lease of the personal property, this Court is satisfied that both Dickman and Ms. Simicich clearly intended that the chattels located on the premises were to be leased together with the real property, and no ownership interest in these chattels ever intended to pass to Ms. Simicich. From all this it follows that the chattels never became property of the estate when the Debtors filed their petition under Chapter 7, consequently the Trustee has no right to sell them.
The Trustee concedes, as he must, that there is no evidence in this record to support the proposition that Ms. Simicich purchased any of the items of personal property from Dickman. Notwithstanding, the Trustee seeks to strip Dickman of his ownership interest in the personal property involved by alleging that Dickman "loaned" *51 the property to Ms. Simicich and by virtue of Fla.Stat. § 726.09 Dickman has lost his rights in the property. Fla.Stat. § 726.09 reads as follows:
When any loan of goods and chattels shall be pretended to have been made to any person with whom or those claiming under him, possession shall have remained for the space of two years without demand and pursued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use or property by way of condition, reversion, remainder or otherwise in goods and chattels, and the possession thereof shall have remained in another as aforesaid, the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this chapter, and the absolute property shall be with the possession, unless such loan, reservation or limitation of use or property were declared by will or deed in writing proved and recorded.
The Trustee's reliance on this Statute is misplaced because Fla.Stat. § 726.09 does not apply to leases of tangible personal property. In re Ludlum Enterprises, Inc., 510 F.2d 996 (5th Cir.1975). Inasmuch as this Court is satisfied that the property was not a loan but was, in fact, part of the lease transaction, the Trustee cannot cut off Dickman's interest by relying on Fla.Stat. § 726.09.
The Trustee further attempts to cut off Dickman's ownership interest in the personal property by urging that because Dickman failed to assert his claimed ownership in the property before it was removed, he is now estopped from claiming this interest. This argument is equally without merit. First of all, it is not true that Dickman failed to assert his claimed ownership in the property. Dickman attached an inventory of personal property and a lease to his Proofs of Claim. While Dickman did not actually state in the Proof of Claim that he owned some of the personal property on the premises, the lease accompanied by a personal property inventory suggested that Dickman leased personal property to Ms. Simicich as well as the real property. Even though one of the Proofs of Claim claimed a lien interest in the "debtors property located in The Fisherman Restaurant" (Plaintiff's Exh. # 5), the fact that Dickman claimed a lien on Ms. Simicich's property does not necessarily compel the inference that all items of property located on the premises belongs to Ms. Simicich nor does it imply that Dickman has abandoned his own property. Dickman has done nothing to waive his ownership of the personal property, and he is not now estopped from claiming it.
Moreover, even if Dickman failed initially to assert his ownership interest in the items of personal property, the doctrine of estoppel could not be invoked to divest him of title and create title in Ms. Simicich. See Blackburn v. Florida West Coast Land & Development Co., 109 So.2d 413 (Fla. 2d DCA 1959). Additionally, the doctrine of estoppel is the basis for a defense and not the basis for affirmative relief. Estoppel is "properly used as a shield, not a sword." Waterman Memorial Hospital Association, Inc. v. Division of Retirement, 424 So.2d 57, 60 (Fla. 1st DCA 1982). See, also, Kerivan v. Fogal, 156 Fla. 92, 22 So.2d 584 (1945); Raymond v. Halifax Hospital Medical Center, 466 So.2d 253 (Fla. 5th DCA 1985).
This conclusion leads to the practical problem of determining what items of personal property belong to Dickman and, thus, are not properties of the estate, and which items were owned by Ms. Simicich and, thus are properties of the estate which the Trustee may sell. Ms. Simicich testified that she was not aware of the existence of an inventory of personal property when she took possession of the premises. Although she concedes there were fixtures and equipment already on the premises when she took possession of the restaurant, she denies that all the items on the list were on the premises. On the other hand, Mr. Hudson testified that he personally checked the inventory against the chattels on the premises, and actually marked through any item not present. This testimony *52 is not necessarily contradictory, but only shows that Mr. Hudson had a written record of chattels on the premises of which Ms. Simicich was not aware, while Ms. Simicich was relying on her memory to account for the personal property. Based on the foregoing, this Court is satisfied that the inventory attached to Dickman's Proofs of Claim is an accurate list of the personal property on the premises at the time Ms. Simicich took possession, thus they are owned by Dickman and they are not properties of the estate. The Trustee may not sell any items which appear on the inventory list attached to the Proofs of Claim.
There is one additional problem which must be solved. During her tenancy, Ms. Simicich discarded and replaced several items which belonged to Dickman, and made major repairs to others. Dickman claims a right to the replacement chattels on the basis that Ms. Simicich never sought nor was given permission to throw away any of the chattels except for some coolers. The Trustee asserts that Ms. Simicich purchased the replacement chattels, and has a cognizable ownership interest in the property, and therefore the property is property of the estate. The Trustee further asserts that the repairs done to much of the equipment were so substantial as to render them new items in which Dickman has no interest.
It is clear that Ms. Simicich and Dickman did not have any agreement as to the repair and replacement of the personal property on the premises. Absent such an agreement, Dickman cannot claim ownership of the replacement items, although Dickman has a claim for damages for the loss of the personal property that Ms. Simicich discarded, regardless of whether she replaced it. Also, without an agreement to the contrary, the Trustee cannot assert ownership of any of the chattels or equipment repaired by Ms. Simicich, regardless of the extent of repair. In sum, the Trustee may not sell any item of personal property which appeared on the inventory attached to Dickman's Proofs of Claim, not even those items to which Ms. Simicich made substantial repairs. The Trustee may sell only those items of personal property which were actually acquired by Simicich during her tenancy.
Dickman has counterclaimed against the Trustee for damages to the real property which occurred when the personal property was removed. The Court took evidence as to the prosecution of the counterclaim, but the Trustee's defense of this counterclaim and Dickman's rebuttal remains to be tried. The continued evidentiary hearing in this matter is set for April 4, 1987, at 9:00 a.m.
A separate partial final judgment shall be entered in accordance with the foregoing.