## PROVIDENCE VENTURE, INC. v HILLSBOROUGH COUNTY, FLORIDA

Case No. 89-22200

Thirteenth Judicial Circuit, Hillsborough County

July 18, 1991

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

130

*ORDER ON HILLSBOROUGH COUNTY'S MOTION TO DISMISS COUNT TWO OF PROVIDENCE VENTURE INC.'S SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT*

This cause is before the court on Defendant HILLSBOROUGH COUNTY'S ("COUNTY") Motion to Dismiss Count Two of PROVIDENCE VENTURE, INC.'s ("PROVIDENCE") Second Amended Complaint. Both parties have submitted written memoranda. The court has carefully considered the motion and memoranda, reviewed its files, conducted its own research, and is otherwise fully advised in the premises.

## I. BACKGROUND FACTS

This Court's Order of April 8, 1991, [*See,* 47 Fla. Supp.2d 180] dismissed Count Two of PROVIDENCE's Amended Complaint, with leave to amend. By the same order, the court denied the COUNTY's request that Count Three for Quantum Meruit be dismissed.

PROVIDENCE submitted a Second Amended Complaint on April 24, 1991, amending Count Two to allege Equitable Estoppel. On May 3, 1991, the COUNTY moved to dismiss Count Two of the Second Amended Complaint and submitted a memorandum in support thereof. The COUNTY argues that equitable estoppel may not properly be raised as an affirmative claim for relief to recover money damages. The COUNTY further contends that any possible claim against the county for relief under equitable estoppel would be barred by sovereign immunity. Finally, the COUNTY maintains that the representations asserted by PROVIDENCE are inadequate as a matter of law, and, therefore, Count Two should be dismissed or, alternatively, the inadequate allegations should be stricken or PROVIDENCE should be required to provide a more definite statement.

On May 15, 1991, PROVIDENCE submitted a memorandum in response to the COUNTY's motion to dismiss. PROVIDENCE refutes the COUNTY's arguments and states that equitable estoppel is recognized as an affirmative cause of action, sovereign immunity does not bar this equitable estoppel claim, and the allegations contained in Count Two are sufficient as a matter of law.

At the suggestion of Counsel for plaintiff and defendant the court has agreed to decide the COUNTY's motion on the written memoranda submitted without holding a formal hearing. The court will address each allegation separately. As stated in the court's order of April 8, 1991, in considering a motion to dismiss, the court will assume all well-pleaded facts to be true and will decide the motion on the

questions of law only, keeping to the allegations contained within the complaint. *Kaufman v A-1 Bus Lines, Inc.,* 363 So.2d 61 (Fla. 3d DCA 1978). The court will not grant a motion to dismiss if the pleader sets forth facts in his complaint upon which relief can be granted on any theory. *Orlovsky v Solid Surf, Inc.,* 405 So.2d 1363 (Fla. 4th DCA 1981).

## II. EQUITABLE ESTOPPEL AS AN AFFIRMATIVE CAUSE OF ACTION

The COUNTY argues that estoppel may only be used defensively and may not properly be raised as an affirmative claim for relief. Although the COUNTY recognizes that a few cases have permitted equitable estoppel to be raised affirmatively, the COUNTY urges the court to distinguish these cases on their facts and on the type of relief being sought.

The COUNTY first discusses *Investors Syndicate v Indian Rocks Beach,* 434 F.2d 871 (5th Cir. 1970). The COUNTY maintains that although the *Indian Rocks* court recognized an affirmative claim of equitable estoppel, the case actually involved promissory estoppel, and, therefore, the court's language should be read as only permitting an affirmative claim for promissory estoppel.

The COUNTY's interpretation of the case is not convincing. Contrary to the COUNTY's assertion, the facts of the *Indian Rocks* case do not suggest that the representations at issue should be considered "promises." In *Indian Rocks* investors were seeking to enforce the city's representations that certain bonds would be redeemed by excess funds before the bonds' stated maturity date. The investors relied on printed statements in the prospectus and in a written opinion prepared by the bond-approving attorneys. These representations apparently formed part of the bargain between the parties and there is no foundation for this court to characterize them as the type of gratuitous promise enforceable under promissory estoppel. On the contrary, the *Indian Rocks* court held that these representations presented a clear basis for equitable estoppel. Therefore, the *Indian Rocks* case distinctly stated that equitable estoppel may be raised affirmatively.

The COUNTY also attempts to distinguish *Sakolsky v Coral Gables,* 151 So.2d 433 (Fla. 1963) in which the Florida Supreme Court recognized that the doctrine of equitable estoppel may be raised affirmatively to prevent a municipality from arbitrarily rescinding a permit. The COUNTY maintains that the *Sakolsky* case is limited to claims for injunctive relief and would not apply to an estoppel claim for money damages. However, Florida law does permit damages to be recovered under an equitable estoppel theory. *Noble v Yorke,* 490

So.2d 29 (Fla. 1986); *Godbey v Dresner,* 492 So.2d 800 (Fla. 2d DCA 1986) (Doctrine of equitable estoppel applied to permit dog-bite victims to seek damages from property owners). Therefore, the COUNTY is not entitled to a dismissal of this count on the ground that money damages are not recoverable under equitable estoppel.

The above cases evidence that some Florida courts have allowed equitable estoppel to be raised as an affirmative claim for relief. However, as the court's order of April 8, 1991 states, the law is not well-settled on this point. The COUNTY cites to a number of Florida cases which state that equitable estoppel may not properly be raised affirmatively. *Crown Life Insurance Co. v McBride,* 517 So.2d 660 (Fla. 1988); *Matter of Simimich v Dickman,* 71 Bankr. 48 (M.D. Fla. 1987); *Raymond v Halifax Hospital Medical Center,* 466 So.2d 253 (Fla. 5th DCA 1985); *Waterman Memorial Hospital Assoc., Inc. v Div. of Retirement, Dept. of Administration,* 424 So.2d 57 (Fla. 1st DCA 1982).

These cases, however, have little application herein. The *Crown Life* and *Halifax Hospital* cases are readily distinguishable in that they apply only to insurance coverage and merely hold that waiver and estoppel cannot be used to create or broaden coverage of an insurance policy. Similarly, the *Waterman Memorial Hospital* case is limited to the facts therein. Under the facts of *Waterman,* the appellee argued that estoppel applied against itself. The *Waterman* court refused to allow the appellee to use estoppel against itself as a "sword" to gain an advantage over the appellant. *Id.* at 60. The *Waterman* case is inapplicable herein. The facts in *Waterman* are clearly distinguishable from those in the case at bar, where the plaintiff is claiming equitable estoppel against the county.

Although the court recognizes that the law is not entirely settled on the issue, this court finds that sufficient authority exists for permitting an affirmative claim for damages under the doctrine of equitable estoppel to withstand the motion to dismiss on this ground.

### III. SOVEREIGN IMMUNITY AS A BAR TO CLAIM FOR EQUITABLE ESTOPPEL

The COUNTY argues that PROVIDENCE's equitable estoppel claim is an implied contract claim and this should be barred by sovereign immunity. Case law does not support this reasoning.

As stated on page 13 of the court's order of April 8, 1991, equitable estoppel may be invoked against a county upon a showing of exceptional circumstances. Similarly, sovereign immunity does not protect a state agency from an action arising out an [sic] express, written

**133**

contract entered into by a state agency or from a breach of either an express or implied covenant or condition of that contract. *Champagne-Webber, Inc. v Ft. Lauderdale,* 519 So.2d 696 (Fla. 4th DCA 1988). Only if the suit is premised solely on an implied contract without allegations of breach of a written contract would sovereign immunity bar the action. *Southern Roadbuilders, Inc. v Lee County,* 495 So.2d 189 (Fla. 2d DCA 1986). In its second amended complaint, PROVIDENCE has alleged the existence of an express, written contract and breach of the express and implied conditions of the agreement as a basis for its estoppel claim. PROVIDENCE also alleged the existence of exceptional circumstances. Therefore, PROVIDENCE's equitable estoppel claim would not be barred by sovereign immunity.

## IV. SUFFICIENCY OF ALLEGATIONS OF EQUITABLE ESTOPPEL

The COUNTY asserts that the representations alleged in PROVIDENCE's Second Amended Complaint are inadequate as a matter of law because the representations are not actionable statements of fact but rather are statements of opinion or law or are merely promises. The COUNTY further states, in the alternative, that many of PROVIDENCE's allegations are vague and should be stricken or at a minimum PROVIDENCE should be required to state more definitely the factual basis of how the COUNTY asserted a later, contrary position concerning the representations.

PROVIDENCE responds that all of the elements of equitable estoppel have been alleged. PROVIDENCE also addresses the adequacy of the particular representations the COUNTY allegedly made and contends that all are actionable, material representations.

The second amended complaint does include factual allegations that were lacking in the first amended complaint. For example, in paragraph 13, PROVIDENCE alleges facts that suggest how the COUNTY's later asserted a position that was contrary to its originally stated intention to allow PROVIDENCE to collect fees equal to that of the prevailing county charge in the central service area. PROVIDENCE also listed a number of representations in paragraph 16 which appear to be actionable, factual representations.

Some of the allegations objected to by the COUNTY do raise concern, however. For example, the allegations in paragraph 16(b) stating that the COUNTY represented that the agreement was legal and did not violate any laws is still vague and lacking in facts indicating to what particular aspects of the agreement the COUNTY was referring. Similarly, the allegations in 16(d) that the COUNTY represented that the sludge fee issue was not an issue of fact or law is

134

also too vague to determine which specific facts under the applicable law the COUNTY was interpreting, as is required for a statement regarding the application of the law to be actionable. *Tri-State Systems, Inc. v Dep't of Transportation*, 500 So.2d 212 (Fla. 1st DCA 1986); *Kuge v State Dep't of Admin., Div. of Retirement*, 449 So.2d 839 (Fla. 3d DCA 1984). Although the elements of an actionable claim for equitable estoppel can be ascertained by inference from various allegations, Count Two of the complaint does lack clarity and definition.

A motion to dismiss, however, is not the proper vehicle for reaching the defects of vague and ambiguous pleading. *Calhoun v Epstein*, 121 So.2d 828, 830 (Fla. 2d DCA 1960); *Frisch v Kelley*, 137 So.2d 252, 253. (Fla. 1st DCA 1962). Therefore, the COUNTY's motion to dismiss Count Two on this ground will be denied. The appropriate manner for addressing vagueness in the pleading is a motion for a more definite statement. *Calhoun*, 121 So.2d at 830; *Frisch*, 137 So.2d at 253. If a complaint states the substance of a cause of action but fails to do so by short and plain statements of the ultimate facts, the complaint should not be dismissed for failure to state a cause of action, although it may be subject to a motion for a more definite statement. *Feller v Eau Gallie Yacht Basin, Inc.*, 397 So.2d 1155, 1157 (Fla. 5th DCA 1981).

A motion for a more definite statement serves to inform the party required to respond of the issues to be litigated so that he may properly frame his answer or reply. *Conklin v Boyd*, 189 So.2d 401, 404 (Fla. 1st DCA 1966). If the responding party has already voluntarily answered the complaint, he has waived any right he might have had to require plaintiff to file a more definite statement. *Id.* Therefore, although the court might have granted the COUNTY's motion for a more definite statement in the instant case, the COUNTY's voluntary response to all counts of the second amended complaint render the motion moot. *Id.*

Finally, a motion to strike would not be appropriate in this case. Rule 1.140(e) of the Florida Rules of Civil Procedure allow a party to move to strike redundant, immaterial, impertinent or scandalous matter from any pleading. A motion to strike must be denied unless the matter sought to be stricken is wholly irrelevant and can have no bearing on the equities and no influence on decision. *Bay Colony Office Bldg. v Wachovia Mortgage Co.*, 342 So.2d 1005 (Fla. 4th DCA 1977). Although some of the allegations in the complaint at issue should have been more specific and Count Two more artfully written, the allegations are not wholly irrelevant, and therefore a motion to strike would not be proper.

## V. CONCLUSION

The COUNTY's motion to dismiss Count Two shall be denied because equitable estoppel may be raised affirmatively. In addition, sovereign immunity does not bar an action for equitable estoppel provided that exceptional circumstances have been alleged. Finally, PROVIDENCE has set forth facts in his complaint upon which relief may be granted.

The motion for a more definite statement is denied because the COUNTY has voluntarily answered all counts of the complaint and a more definite statement would not serve its intended purpose at this time. The motion to strike is also denied because the allegations the COUNTY seeks to deny are not wholly irrelevant.

It is therefore,

ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss Count Two of the Second Amended Complaint is denied;

2. Defendant's Motion for a More Definite Statement is denied;

3. Defendant's Motion to Strike is denied.

DONE AND ORDERED this 18th day of July, 1991.